IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN BUSS,                )
                           )
            Plaintiff,     )
                           )
v.                         )   Case No. 12-2777-JTM-GLR
                           )
UNITED OF OMAHA LIFE       )
INSURANCE COMPANY, et. al, )
                           )
            Defendants.    )
_____)

# MEMORANDUM AND ORDER

The Court has for consideration the Motion to Compel Discovery Responses (ECF 17). Plaintiff asks the Court to require Defendant United of Omaha Life Insurance Company (United) to produce documents in response to his Request for Production No. 11 and provide further responses to Interrogatories 6, 8, 9 and 13. As herein stated, the Court grants the motion in part and denies it in part.

As an employee of MedaSTAT USA LLC, Plaintiff participated in a disability insurance plan, insured and administered by Defendant United. The plan provides both short-term and long-term benefits in compliance with the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff became physically disabled. His employment terminated. The plan paid him short-term disability benefits for two years. It then paid him long-term benefits for another two years. United then concluded that Plaintiff was not unable to perform all the material duties of any gainful occupation. It decided, consequently, that he no longer qualified for long-term benefits under the plan. Accordingly, it terminated payment of the benefits. Plaintiff contends he does continue to qualify for disability benefits under the plan. By this action he seeks to

recover them.

Defendant United serves dual roles under the plan. It both insures the plan and administers it. It thus has a conflict of interest. Such a conflict can lead to an abuse of discretion, if the insurer-administrator has unfairly favored its own interests to the detriment of the insured beneficiary. The Court must thus determine whether or not United abused its discretion in terminating and denying long-term disability benefits. As a general rule in ERISA cases the Court determines that issue merely by reviewing the administrative record of the plan administrator and without additional evidence. The parties then have no need for discovery as authorized by the Federal Rules of Civil Procedure. But in an action like this, case law authorizes some limited discovery. The parties may pursue it, but only to assist in determining if the respondent, here United, abused its discretion in terminating and denying disability benefits.

Addressing the instant motion, the Court relies primarily on three cases which the parties have cited: *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008); *Murphy v. Deloitte & Touche Group Insurance Plan*, 619 F. 3d 1151 (10th Cir. 2010); and *Perkins v. Hartford Life and Accident Insurance Company*, No. 11-2557-KHV, 2012 WL 3834745 (D. Kan. Sept. 4, 2012). All three of these cases recognize both the general rule against discovery in ERISA cases and the exception to that rule when a conflict of interest exists by virtue of the dual role of a litigant who both insures and administers the claims.

The Court addresses the individual discovery requests as follows:

**A. Request for Production 11.**

Request for Production 11 seeks the performance evaluations and performance reviews for each employee of United who was involved in this claim. This request is virtually identical

to the one for which production was denied in *Perkins, supra.* In that case Defendant had responded to the request by stating that it does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or in part upon the denial or termination of claims. The *Perkins* decision finds that, "[b]ased on Hartford's unequivocal discovery response concerning employee compensation, compelling further documents responsive to Production Request Nos. 11 and 12 would not reveal evidence of financial bias by the employees involved in the decision whether to grant or deny plaintiff's disability claim."[1] In answer to Interrogatory 5 in the instant case, United has provided virtually the same kind of information and explanation as Hartford did in *Perkins*.

Two differences exist, however, between the discovery in this case and its counterpart in *Perkins*. First, as Plaintiff emphasizes, the denial of benefits by Defendant United rested solely upon its in-house staff, without any review or contribution by an outside expert, medical or otherwise. The denial of benefits here, moreover, was in the face of a collateral finding of disability upon the claim of Plaintiff for Social Security disability benefits, which United itself had encouraged.

Secondly, Plaintiff here concedes that Request 11 should be narrowed to seek evaluations and reviews "only for the claims adjustors and in-house medical professionals involved in denying Plaintiff's claim." The Court agrees that the request should be thus narrowed.

The Court overrules the remaining objections of Defendant against Request 11. Notwithstanding its response as to how its employees are remunerated, that explanation does not provide an immunity against discovery of records that could suggest otherwise. In its briefing

---

[1]*Perkins*, 2012 WL 3834745 at *2.

Defendant has indicated that the responsive documents have already been identified with Bates numbers 1666-1730.  They thus appear to be 65 in number and should create no burden of consequence to production.  Because they may contain personal information, relating to non-parties, the Court will order that their production and use be subject to the Protective Order (ECF 15) already entered in this case.  Access and review of the documents by Plaintiff, furthermore, is to be restricted to his counsel of record, absent any further order to the contrary.  With these restrictions the Court grants the motion to compel production of documents responsive to Request 11.

**B. Interrogatory 6.**

On September 17, 2013, Defendant served a supplemental response which answers Interrogatory 6.  Plaintiff does not mention the response in her reply memorandum.  The Court finds that Defendant has adequately provided the requested information.  It denies the motion to compel an answer to Interrogatory No. 6.

**C. Interrogatories 8 and 9.**  Interrogatory 8 seeks the following: "For any individual or entity listed in response to Interrogatory #2, identify the number of claims that the individual or entity reviewed in which they found the claimant not to be disabled for the years 2008-2012. . . ."  In response to Interrogatory 2, Defendant listed nine individuals.

Interrogatory 9 asks as follows: "For the number of claims reviewed by the individuals or entities identified in Interrogatory 2, as requested in Interrogatory #7, provide the number of those claims denied by Defendant."

Its response to the instant motion Defendant includes an Affidavit of Robin Shaver, who serves as a registered nurse and case manager for Defendant and its related company, Mutual of

4

Omaha Insurance Company.  Her affidavit states and adequately explains in detail that their clinical staff, which includes the persons identified in response to Interrogatory 2, do not make specific findings that a claimant is not disabled.  They make clinical reviews of "virtually any type of medically related question that might be raised by the party requesting the review."[2]  Reviews are highly individualized, narrow or broad, specific or general, and depend in each instance upon the particular medical condition or detail to be reviewed.  Defendant does not create tallies that match reviews with specific claims or that track different definitions of disability under various group and individual policies.  The affidavit further states that, for the "total number of reviews conducted by each reviewer involved in Mr. Buss's claim" for the years 2008 though 2012 was 22, 512.  The lowest number for any year was 2,148 in 2012.  To provide the information requested by Interrogatory 9 would require an estimated minimum of 375 hours.  The Court calculates that, restricting the task to provide such information only for the year 2012 would require about 35 hours.

*Murphy, supra*, authorizes limited discovery in ERISA cases, such as this, where a conflict of interest exists, because defendant both insures and administers the plan.  But *Murphy* also counsels against burdensome discovery in such cases:

> Although Rule 26(b) will govern these (and other) discovery requests in ERISA cases, we emphasize that neither a claimant nor an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim.  In fact, for the reasons that follow, discovery related to a conflict of interest may often prove inappropriate.[3]

In view of the information provided by the affidavit, the Court sustains the objection that

---

[2]  ECF 22, Ex. 5 at 2.

[3] *Murphy*, 619 F.3d at 1162–63.

Interrogatories 8 and 9 are unduly burdensome. Given the explanation as to how reviews are conducted and reported, moreover, the interrogatories also appear to be premised upon inaccurate facts, i.e. that the identified staff members themselves made findings of disability or denied claims of disability. For this reason the Court finds that they are not reasonably calculated to lead to the discovery of admissible evidence. The Court sustains the objections and denies the motion as to Interrogatories 8 and 9.

**D. Interrogatory 13.**

Interrogatory 13 asks the following: "Identify the grounds for performance evaluation, promotion, demotion and/or layoff/termination decision with respect to any individual or entity identified in Interrogatory #1." Interrogatory 1 and the responses to it identify six Mutual of Omaha employees who "processed, analyzed, or investigated Plaintiff's long-term disability claim on behalf of Defendant at any time." Defendant objects to the interrogatory upon the narrow grounds that, in response to other interrogatories, it has already disclosed the basis for compensating and evaluating its employees upon criteria that is unrelated to the number of claims they have denied. Defendant urges, therefore, that there is no need for intrusive discovery into the private, confidential performance reviews of its employees, particularly in an ERISA case where discovery should be strictly limited.

*Perkins, supra,* raised a discovery issue somewhat similar, though not identical, to the one raised by Interrogatory 13. It related to the request for information concerning the method and amount of compensation paid to a third-party vendor who had reviewed and evaluated on behalf of the insurer the ERISA claim in question. The premise for the discovery was to help determine to what extent the review and evaluation was indeed "truly independent or financially

biased."[4] Perkins found the discovery relevant and allowed it.[5] Its similarity to this case lies in the possibility that performance evaluations, promotions, demotions and termination decisions could similarly affect the independence or bias of employees who "processed, analyzed, or investigated" the claim of Plaintiff.

The opposition to Interrogatory 13, moreover, simply lacks any convincing quality of consequence. Defendant has not adequately asserted or supported any of its objections to it. The interrogatory seeks a reasonably narrow scope of information, i.e. an identification of "grounds." It does not ask for a detailed, factual description of employee evaluation, promotion, demotion, or layoff termination. It simply requests Defendant to identify as to each of six of its employees the "grounds" for its decision(s) about their employment status. Grounds may include any number of circumstances, be they excessive absences, compliance or non-compliance with performance goals, following or failing to follow predetermined standards for handling claims, inadequate analyses of claims, improper denial of claims, improper evaluation of claims, or other matters. The Court will grant the motion to compel Defendant to answer Interrogatory 13.

**E. Summary.**

For the reasons stated, the Court grants in part and denies in part the Motion to Compel Discovery Responses (ECF 17). On or before February 11, 2014, Defendant shall produce for inspection and copying by the attorney for Plaintiff the documents responsive to Request for Production 11. Such production shall take place at the offices of counsel for Plaintiff in Overland Park, Kansas, or at such other place to which the parties may agree. The documents

---

[4] *Perkins*, 2012 WL 3834745 at *2.

[5] *Id.*

shall be subject to the Protective Order (ECF 15) in this case. Counsel of record for Plaintiff may review and copy the documents, but not the Plaintiff himself. On or before February 11, 2014, Defendant shall also answer Interrogatory 13 without further objection.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2014, at Kansas City, Kansas.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge